# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

DESITIN CONNER, :

    Plaintiff, :

vs. : CA 21-0112-TFM-MU

CHARLIE ANDREWS, :

    Defendant.

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), on Plaintiff's Complaint (Doc. 1), the motion to dismiss filed by Defendant Charlie Andrews (Doc. 9), Plaintiff's response in opposition (*see* Doc. 13), and the movant's reply (Doc. 14). Based on the contents of these and all other relevant pleadings in this matter, the Magistrate Judge **RECOMMENDS** that Plaintiff's complaint against Charlie Andrews be **DISMISSED WITH PREJUDICE** for the reasons set forth below.

## PROCEDURAL BACKGROUND

Plaintiff Desitin L. Conner worked as an Order Puller at Nickey Warehouse, Inc. in Theodore, Alabama from January of 2020 until he was terminated on July 18, 2020. (*Compare* Doc. 1, PageID. 2 *with id.,* PageID. 5).[1] Conner filed a Charge of

---

[1] It appears from Plaintiff's response in opposition that in January of 2020 Nickey Warehouse "bought out" Conner's previous employer, Inland Star. (*See* Doc. 13, PageID. 54).

Discrimination against his employer, Nickey Warehouse, Inc., with the Equal Employment Opportunity Commission ("EEOC") on December 10, 2020, claiming that he was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, on account of his race (black). (*See* Doc. 1, PageID. 5, Charge of Discrimination).[2]

> On or about July 16, 2020, my scanner gun was not working properly. I followed directions and turned in my work with the last four numbers of each barcode. The following day I was approached by the Warehouse Manager and asked about the previous day. The discussion led to a verbal altercation and my employment was terminated.

(*Id.*). One week after filing his Charge of Discrimination, on December 17, 2020, the EEOC notified Conner and Nickey Warehouse (in care of its Chief Operating Officer, Charlie Andrews) that it was closing its file on the Charge. (Doc. 1, PageID. 4, Dismissal and Notice of Rights ("The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent[3] is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.")) (footnote added).

---

[2] To the extent Plaintiff suggests in his response in opposition that when he filed his charge of discrimination with the EEOC that he named Charlie Andrews as a respondent (*see* Doc. 13, PageID. 51), the Charge of Discrimination attached to Plaintiff's Complaint in no manner supports this assertion (Doc. 1, PageID. 5 (Charge of Discrimination names Nickey Warehouse as the sole respondent)).

[3] Again, the respondent was clearly identified in the Charge of Discrimination as Nickey Warehouse, Inc. (Doc. 1, PageID. 5) and Nickey Warehouse was copied with the Dismissal and Notice of Rights delivered by the EEOC to Conner (*see id.,* PageID. 4).

Conner filed a fill-in-the blank form complaint in this Court on March 9, 2021, identifying as the sole defendant Charlie Andrews. (Doc. 1, PageID. 1). On the first page of his form complaint, Conner identifies "Nickey Warehouse" only as the "[l]ocation of principal office(s) of the named defendant[ .]" (*Id.*). In addition, he identifies the acts complained of not to be his termination but the following: "I question my boss & supervisor about [why] I wasn't getting equal employment opportunity which is in the handbook[.] I ask them a few more questions in the book they didn't know the answers[,] not to mention Mike Robinson the boss threaten me." (*Id.*).

On the second page of the form complaint, Plaintiff alleges the Defendant discriminated against him not on account of his race but, instead, on account of his "Color." (Doc. 1, PageID. 2).[4] And on page 3 of the complaint, Conner describes the manner in which various identified individuals (including Charlie Andrews)[5] discriminated against him in terms of the conditions of his employment, as follows:

> I was always judge[d and] talk[ed] about for no reason put more work on me than anybody else & they get paid more than we false[ly] accusing me of things not getting the same equal [] employment opportunity catching people in the act of picking favoritism over a hard good worker talking to me any type of way thinking you suppose to take it a lot of corruption going on in that job.

---

[4] Interestingly, Plaintiff also indicates that the discrimination began in "2019 when [he] took a guy['s] position." (Doc. 1, PageID. 2). However, this statement has no substantive basis in light of his earlier statement on page 2 of the complaint (and in his Charge of Discrimination) that he was employed by Nickey Warehouse from January 2020 until July 18, 2020. (*Compare id. with id.,* PageID. 5).

[5] Plaintiff is correct that his Complaint "names" other individuals, including Charlie Andrews, such as Mike Johnson and Lori Thibodeaux (*compare* Doc. 13, PageID. 52 *with* Doc. 1, PageID. 2); however, they are referenced in the Complaint as persons who purportedly discriminated against him during his employment (*id.*) and are not named as Defendants (*compare id. with id.,* PageID. 1). Had they been named as Defendants, they also would have been subject to dismissal. *See infra.*

(*Id.,* PageID. 3). Finally, in the blank space provided for Plaintiff to indicate where the alleged illegal activity took place, Conner responded: "nowhere I ain't got wrote up wasn't late suspended or anything." (*Id.*). Conner seeks to recover back pay in this action. (*Id.*).

Defendant Charlie Andrews filed his motion to dismiss Plaintiff's complaint with prejudice on June 15, 2021. (Doc. 9). Andrews principally contends that the complaint against him should be dismissed with prejudice because he is an individual and Title VII does not provide for individual liability. (*See id.,* PageID. 40). And, for this same reason, Andrews contends that Conner's Complaint fails to state a claim upon which relief may be granted. (*See id.*). Plaintiff filed his response in opposition to the Defendant's motion to dismiss on August 2, 2021. (Doc. 13). Plaintiff's response consists of a stream of consciousness narrative of what happened during his approximately 6-month employment with Nickey Warehouse (*see id.,* PageID. 54-62) but he never directly takes aim at Defendant Charlie Andrews' legal argument that an individual capacity suit under Title VII is inappropriate, and certainly cites no contrary caselaw (*see id.*).[6]

---

[6] The most Plaintiff has done is try to identify Charlie Andrews and Nickey Warehouse as one in the same. (*Compare* Doc. 13, PageID. 53 ("Plaintiff Desitin Conner names numerous individual[s] who are employees at Defendant Charlie Andrews Nickey Warehouse.") *with id.,* PageID. 60 ("Mr. Charlie Andrew Nickey Warehouse ain't nothing but a partnership company.")). However, to the extent Plaintiff means to suggest that Andrews can be held individually liable on the basis of the alter ego doctrine, he is mistaken because the Eleventh Circuit has specifically concluded that "the alter ego doctrine does not create an exception to the rule against individual employee liability in Title VII cases." *Dearth v. Collins,* 411 F.3d 931, 934 (11th Cir.), *cert. denied,* 549 U.S. 822, 127 S.Ct. 153, 166 L.Ed.2d 37 (2006); *see also Udoinyion v. The Guardian Security,* 440 Fed.Appx. 731, 734 (11th Cir. Sept. 7, 2011) (same).

## CONCLUSIONS OF LAW

A. **Pleading Standard.** The sufficiency of Plaintiff's claims to proceed beyond the pleading stage, and into discovery, is governed by the plausibility standard articulated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and further detailed in *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In *Twombly,* the United States Supreme Court expressly abrogated the *Conley v. Gibson,* 355 U.S. 41 (1957) "no set of facts" pleading standard, holding that test "has earned its retirement" and "is best forgotten." *Twombly*, 550 U.S. at 563, 127 S.Ct. at 1969; *Simpson v. Sanderson Farms, Inc.,* 744 F.3d 702, 714 (11th Cir. 2014) ("[T]he Supreme Court categorically retired [the no set of facts test] in *Twombly*.").

Post *Twombly,* "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. The Court made clear that to satisfy the requirements of Fed.R.Civ.P. 8(a) "something beyond the mere possibility [of an entitlement to relief] must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people[.]" *Id.* at 557-58, 127 S.Ct. at 1966 (internal quotation marks omitted; citations omitted). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia,* 687 F.3d 1244, 1254 (11th Cir. 2012) (citations omitted), *cert. denied,* 568 U.S. 1088, 133 S.Ct. 856, 184 L.Ed.2d 656 (2013).

The Court directed that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly,* 550 U.S. at 558, 127 S.Ct. at 1966 (internal quotations marks and ellipses omitted; citations omitted). "It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process[.]" *Id*. at 559, 127 S.Ct. at 1967. "[T]he threat of discovery expense will push cost-conscious defendants to settle even anemic cases…[;]it is only by taking care to require allegations that reach the level [of showing a plausible entitlement to relief] that we can hope to avoid the potentially enormous expense of discovery[.]" *Id.*

The Eleventh Circuit has likewise emphasized the importance of only allowing plausible claims to proceed beyond the pleading stage: "Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) together establish a notice-pleading standard that is applied, in a context-specific manner, with the recognition that the imposition of litigation costs must be justified at the threshold by the presence of factual allegations making relief under the governing law plausible, not merely speculative." *ABB Turbo Systems AG v. Turbousa, Inc.* 774 F.3d 979, 984 (11th Cir. 2014); *see Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 & 1367-68 (11th Cir. 1997) (recognizing that "[d]iscovery imposes several costs on the litigant from whom discovery is sought[]" and "discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes."); Fed.R.Civ.P. 1 (recognizing that the Rules of Civil Procedure "should be construed, administered, and employed by

the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

In *Iqbal,* the Supreme Court gave additional definition to the Rule 8(a) analysis framed in *Twombly*. The Court explained that under *Twombly,* "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (internal citations omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679, 129 S.Ct. at 1950. Courts do not "'accept as true a legal conclusion couched as a factual allegation[.]'" *Id.* at 678, 129 S.Ct. at 1950 (citation omitted); *see also id.* at 678, 129 S.Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[.]").

The *Iqbal* Court made clear that "[t]he pleading standard Rule 8 announces…demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678, 129 S.Ct. at 1949 (internal citations omitted). Consequently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679, 129 S.Ct. at 1950 (brackets and citation omitted). Therefore, dismissal of a factually

insufficient complaint is required because "Rule 8…does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79, 129 S.Ct. at 1950.

In *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010), the Eleventh Circuit Court of Appeals distilled the *Twombly/Iqbal* pleading standard into a functional "two-prong approach" for the evaluation of the sufficiency of a plaintiff's pled allegations: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* at 1290 (citation omitted). The Eleventh Circuit also explained: "Importantly, the Court held in *Iqbal*, as it had in *Twombly*, that courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (citation omitted).

Additionally, it is well-established that dismissal is required when the factual averments in a complaint affirmatively foreclose the existence of a plausible entitlement to relief. *See, e.g., Villarreal v. R.J. Reynolds Tobacco Co.,* 839 F.3d 958, 971 (11th Cir. 2016) ("A plaintiff nonetheless can plead himself out of court by alleging facts that foreclose a finding of diligence or extraordinary circumstances, both of which are required for equitable tolling."), *cert. denied,* ___ U.S. ___, 137 S.Ct. 2292, 198 L.Ed.2d 724 (2017); *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.,* 713 F.2d 618, 621 (11th Cir. 1983) ("[A] party is bound by the admissions in his pleadings."). "[A] plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a

8

judgment, he's out of luck." *Early v. Bankers Life & Cas. Co.,* 959 F.2d 75, 79 (7th Cir. 1992) (internal citations omitted).

In addition to the pled averments relevant to these Plaintiffs' claims, documents which are referenced in, or central to, the claims presented are incorporated as exhibits to the complaint and may be considered without converting a Fed.R.Civ.P. 12(b) motion to dismiss into a Fed.R.Civ.P. 56 motion for summary judgment. *Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir. 2002); *see also Day v. Taylor,* 400 F.3d 1272, 1276 (11th Cir. 2005). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed.R.Civ.P. 10(c). Therefore, in ruling on a motion to dismiss, courts consider "the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted). "Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin,* 496 F.3d 1189, 1206 (11th Cir. 2007) (citations omitted), *cert. denied,* 553 U.S. 1004, 128 S.Ct. 2055, 170 L.Ed.2d 794 (2008).

**B.** **Defendant Charlie Andrews.** Conner's Complaint identifies Charlie Andrews, an individual, as the sole defendant. (*See* Doc. 1). Title VII does not allow for individual capacity suits. *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991) ("Individual capacity suits under Title VII are . . . inappropriate. The relief granted under Title VII is against the *employer,* not individual employees whose actions would constitute a violation of the Act."); *see also Hopkins v. JPMorgan Chase and Co.,* 620 Fed.Appx. 880, 880 (11th Cir. Oct. 2, 2015) ("[E]mployers, not individual employees, are liable for violations of Title VII . . . ."), *cert. denied,* 137 S.Ct. 186, 196 L.Ed.2d 152

(2016); *Udoinyion, supra,* 440 Fed.Appx. at 734-35 (upholding district court's dismissal of Title VII complaint against CEO of corporation on the basis Title VII suits cannot be brought against persons in their individual capacities); *Dearth v. Collins, supra,* 441 F.3d at 933 ("[T]he relief granted under Title VII is against the employer, not against individual employees whose actions would constitute a violation of the Act." (internal quotation marks and brackets omitted)); *Taite v. Alabama, Dep't of Personnel,* 2012 WL 3631619, *5 (M.D. Ala. July 16, 2012) (dismissing Title VII claims against a defendant sued in her individual capacity on the basis of longstanding "law in the Eleventh Circuit that Title VII does not provide a cause of actions against individuals."), *report and recommendation adopted,* 2012 WL 3629216 (M.D. Ala. Aug. 23, 2012); *Brewer v. Petroleum Suppliers, Inc.,* 946 F.Supp. 926, 930-31 (N.D. Ala. 1996) (dismissing CEO of corporation from Title VII suit where he was named in his individual capacity); *see Albra v. Advan, Inc.,* 490 F.3d 826, 832 (11th Cir. 2007) ("[A]lthough Title VII defines the term 'employer' to include 'persons,' and the term 'persons' is defined to include 'individuals,' 42 U.S.C. § 2000e(a)-(b), this court has long held that individuals are not amenable to private suit under Title VII."). Accordingly, Plaintiff's Complaint fails to state a claim against Charlie Andrews under Fed.R.Civ.P. 12(b)(6) and is due to be dismissed with prejudice. *Compare Hopkins, supra,* 620 Fed.Appx. at 880 (finding Title VII claims against supervisors failed to state a claim "because employers, not individual employees, are liable for violations of Title VII" and upholding the dismissal with prejudice of Plaintiff's third amended complaint) *with Taite v. Monroe County Public Library,* 2019 WL 8499520, *10 (S.D. Ala. Nov. 7, 2019) (recommending that Title VII claims against individually-named Defendants be dismissed with prejudice because

"Title VII does not allow for individual capacity suits."), *report and recommendation adopted,* 2020 WL 550692, *3 (S.D. Ala. Feb. 4, 2020) (specifically overruling Plaintiff's objection to the Title VII individual capacity claims); *see also Udoinyion, supra,* 440 Fed.Appx. at 734-35 (Eleventh Circuit upheld the district court's dismissal of Title VII complaint against CEO of corporation on the basis that Title VII suits cannot be brought against persons in their individual capacities).

## CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that the Defendant's motion to dismiss Plaintiff's Complaint against Charlie Andrews with prejudice (Doc. 9) be **GRANTED.** However, the undersigned would additionally **RECOMMEND** that Plaintiff be extended leave to file an amended complaint which identifies as the sole Defendant his actual employer, Nickey Warehouse, Inc. *See Busby, supra,* 931 F.3d at 772 ("We think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly.").

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28

U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the 24th day of August, 2021.

                        s/P. Bradley Murray
                        **UNITED STATES MAGISTRATE JUDGE**