IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DESITIN CONNER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 1:21-cv-112-TFM-MU |
| | ) |
| **CHARLIE ANDREWS,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

On August 24, 2021, the Magistrate Judge entered a report and recommendation which recommends the Defendants motion to dismiss (Doc. 9) be granted, this action be dismissed against the current defendant, and Plaintiff be given leave to file an amended complaint identifying the proper defendant. *See* Doc. 15. No objections were filed.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge (Doc. 9) is **ADOPTED** as the opinion of this Court. Accordingly, it is **ORDERED** that *Defendant's Motion to Dismiss Plaintiff's Complaint with Prejudice* (Doc. 9) is **GRANTED** as to the claims made against Charlie Andrews.

It is further **ORDERED** that Plaintiff may file an amended complaint identifying the proper defendant Nickey Warehouse.[1] The Amended Complaint must be filed on or before **November 1, 2021**. Failure to comply may result in final judgment being entered on this case.

---

[1] "Where a more carefully drafted complaint might state a claim, a [pro se] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part, Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002) (en banc); *see also Collar v. Rivera*, 823 F. App'x 710, 711-12 (11th Cir. 2020) (quoting *Bank* and reiterating same).

**DONE** and **ORDERED** this 5th day of October, 2021.

>/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE